IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT – EASTERN DIVISION

| | | |
|---|---|---|
| THE GONZO PODCASTS NETWORK, INC., an Illinois Domestic Corporation, and JEFFERY TODD HENSON, an Individual, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. |
| JAMES NAM, a California Resident, VINCENT JAMES IMBESI, a New York Resident, CHRIS COMO, a New York Resident, IMBESI LAW P.C., a New York Domestic Corporation, Seth Nadler, a New York resident. and JOHN DOES 1-10. | ) ) ) ) ) ) ) ) | Jury Demanded |
| Defendants | ) | |

## COMPLAINT

NOW COME the Plaintiffs, THE GONZO PODCASTS NETWORK, INC., an Illinois Domestic Corporation, and JEFFERY TODD HENSON, an Individual, by and through their attorneys, James J. Ayres of Ayres Law Offices, Ltd., and complains against the Defendants JAMES NAM, a California Resident, VINCENT JAMES IMBESI, a New York Resident, CHRIS COMO, a New York Resident, IMBESI LAW P.C., a New York Domestic Corporation, and JOHN DOES 1-10 as follows:

### THE PARTIES AND NATURE OF THE CASE

1.  This is a federal question case seeking damages, attorney's fees and injunctive relief concerning repeated violations by Defendant Nam of the Copyright Act. This federal lawsuit also includes, under pendent jurisdiction, related state-law tort claims seeking injunctive

1

relief and compensatory and punitive damages and attorney's fees for Defendants' wrongful, illegal and harassing conduct.

2. Plaintiffs have suffered actual damages as a result of Defendants' illegal, harassing and abusive tactics and practices, having to spend a tremendous amount of his time dealing with Nam and Imbesi matters and harassment; stress, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment and other negative emotions; and unjustified and infuriating invasions of privacy at his personal residence, office and workplace, as well as tortious interference with his relationships with his employers and his spouse, which have made it impossible for Plaintiff Henson to live and work in a normal and reasonable manner.

## JURISDICTION

3. Jurisdiction of this matter is proper before the United States District Court because the case involves violations of Plaintiff's copyrights. 28 U.S.C. 1331.

## VENUE

4. Venue is proper in the Northern District of Illinois because, although Plaintiffs are residents of Illinois, the defendants live in several other States but the actions complained of occurred over and were transmitted by the Internet and damages realized by Plaintiffs were in the Northern District of Illinois. 28 U.S.C. 1391(b)(2).

## PENDANT JURISDICTION

5. Supplemental jurisdiction of the pendent Illinois state-law claims is proper under 28 U.S.C. 1367.

## FACTS AND GENERAL ALLEGATIONS

6. Podcasts are "a program (as of music or talk) made available in digital format for

automatic download over the Internet ".  Mirriam-Webster.

7.	Plaintiff Gonzo Podcasts Network, Inc., ("Gonzo") is an Illinois Domestic Corporation which produces podcasts on various subjects and has numerous personalities who appear as hosts or guests.  Many of the these personalities were previously affiliated with the Howard Stern show, but based on information and belief the Howard Stern show has no relation to the conduct complained of here.

8.	Defendant James Nam, who resides at 26356 Vintage Woods Rd., Lake Forest, CA 92630 operates "Podcasts" on the Internet under the name Jimmer Nation Podcast.

9.	Defendant Nam has developed a psychopathic fixation on  Plaintiff Henson, who is the producer of competing Podcasts on the Gonzo Podcast Networks, Inc.

10.	Defendant Nam was one of the hosts for weekly podcasts on Gonzo.  He was fired in December of 2017 because, after he completed his podcasts on Gonzo, he was conducting competing podcasts on his Jimmer Nation Podcast in direct competition with other shows on Gonzo.

11.	The "Jimmer" Nation Podcast competes with Gonzo for viewers and sponsorship.

12.	Defendant Nam also operates a Podcast devoted to child predators, entitled "Predator Planet", has offered to engage in child trafficking on the Internet, has harassed Plaintiff's family by repeatedly calling Plaintiff's wife, made numerous telephone calls to Plaintiff Henson's wife's place of business, posting unauthorized pictures on Periscope of Plaintiff's minor stepsons, and as of the filing of this suit, and threatened Plaintiff Henson with physical harm by publishing a caricature of Defendant beheading Plaintiff Henson. (A true and correct copy of which is attached hereto as Exhibit A as though fully set forth herein).

13. Plaintiff Henson is not a public figure.

14. Defendant Vincent James Imbesi, who resides at 90 William street Apt 5F New York, New York 10038, is a New York attorney who describes himself on the Internet as a multimillionaire New York attorney. Based on information and belief, he convinced a disabled person to allow him to install cameras and microphones throughout the disabled person's (Erik Bleaman) apartment for broadcasting 24 hours a day, 7 days a week, on the Internet.

15. Defendant Imbesi Law P.C. is a New York Professional Services Corporation.

16. Vincent Imbesi allegedly forced Erik Bleaman (AKA "High Pitched Erik") to broadcast daily, even on the same day of medical procedures and if he would not would Imbesi would allegedly threaten to shut down or take over the controls of Bleaman's Apartment. Vincent Imbesi received donations from listeners at the cost of a handicapped/disabled person.

17. Based on information and belief, Vincent Imbesi had enabled himself, his minor Child (Devin Imbesi) and many other Moderators he selected, to harass and make fun of Erik Bleaman by sending food deliveries to his house, "swatting" him by telling the police and fire department there was something wrong at his house, talking about Erik's dead family members, all of which resulted in Erik Bleaman evicted from his Apartment.

18. Plaintiff Henson discovered Defendant Imbesi's scheme, convinced the disabled person to unplug the cameras and microphones in his apartment, and then invited the disabled person to participate as a regular guest on Gonzo podcasts.

19. Defendants Nam and Imbesi have conspired to interfere with Plaintiff Henson's and The Gonzo Podcasts Network, and the podcast business by, among other actions, making false and defamatory statements about Henson, using Nam as a puppet for Imbesi to publish false

and defamatory statements about Plaintiff Henson, and even threaten Plaintiff Henson's wife and children.

20. The Podtrash Radio Network ("Podtrash") and Defendant Chris Como, who resides at 625 Wincoram Way, Coram, New York, 11727, were producing The Monotone Matt Experiment and Plaintiff Henson was making $3,000-$4,000 in donations monthly. Chris Como committed fraud by claiming that he would use the donations to buy Matthew Burns (aka Monotone Matt) new equipment and 80% of the donations would be given to Matthew Burns. Matthew apparently received no money, some used equipment and allegedly some illegal drugs, which Christopher Como sent across the Canadian border. Christopher Como talked about sending these drugs on several shows.

21. Defendant Imbesi was allegedly very upset once Erik Bleaman left Imbesi's YouTube Channel.

22. Once Erik Bleaman left Imbesi's live YouTube channel, upset viewers revealed Imbesi's and his Wife's social security number in a live stream, which already increased the hostility between Imbesi and the Gonzo Podcast Network.

23. Once Defendant Nam was fired from the Gonzo Network, he was upset and the viewers from Erik's YouTube channel and Imbesi joined up and Chris Como and Podtrash all started a "Podcast War".

**FEDERAL CLAIM**

## COUNT I: VIOLATION OF COPYRIGHT

24. Plaintiffs repeat and reallege paragraphs 1 through 23 as though fully set forth herein.

25. Gonzo broadcasts were protected by the Copyright Act of 1976. 17 U.S.C. 102 *et seq*.

26. At all times relative hereto, Defendant Nam published copyrighted segments of Gonzo Podcasts on Nam's show in violation of 17 U.S.C. 106(1), (5) and (6). A formal complaint was made that Nam was violating Gonzo's copyrights. Defendant Nam asserted that his use was fair use under the Copyright Act.

27. Notwithstanding Defendant Nam's assertion, the use of Gonzo copyrighted work on Defendant Nam's competing commercial program to generate controversy and increase viewers does not limit the copyright owner's exclusive rights. 17 U.S.C. 107.

WHEREFORE Plaintiff seeks an injunction barring Defendant Nam from publishing, performing, copying the Plaintiffs copyright work, impounding and disposing all articles in the possession of or created by Defendant Nam which contain Gonzo copyrighted work, awarding Gonzo actual damages and any profits of the infringer, and attorney fees.

**COUNT II: DEFAMATION PER SE (Pendant Jurisdiction)**

28. Plaintiffs repeat and reallege paragraphs 1 through 23 as though fully set forth herein.

29. On or before January 15, 2018, Defendant Nam made the following false statements on Names show and broadcast the following false statements on the Internet:

    a. "Criminals prey on the weak, including those with mental illness and the elderly."

    b. "Among the numerous complaints of consumer fraud made against Defendant Henson, was one filed by an elderly couple. The husband (age 95) and his wife (age 99) hired Defendant Henson to repair their home."

    c.    "Sensing any easy mark, the lifetime criminal began a scheme to fleece the elderly couple, initially by making them pay $14,000 for preliminary work, even though he promised the insurance carrier would make payment."

    d.    "Henson Is a Lifelong Criminal with Nothing to Lose"

30.    Defendant Nam has accused Plaintiff Henson of committing a criminal offense against the elderly.

31.    As a consequence of Defendant's foregoing actions, Plaintiff Henson has suffered and will continue to suffer significant losses and personal expense and emotional distress, anxiety and humiliation and has been unable to live and work in a normal and reasonable manner.

WHEREFORE respectfully requests this Honorable Court enter judgment in favor of Plaintiff and against Defendant Nam in an amount in excess of $5,000,000.00 plus costs.

**COUNT III: FALSE LIGHT (Pendant Jurisdiction)**

32.    Plaintiffs repeat and reallege paragraphs 1 through 23 as though fully set forth herein.

33.    Defendants Imbesi and Nam repeatedly engaged in behavior that was intended to, and did, portray Plaintiff in a false light to third parties, including his spouse, employees and contractors of The Gonzo Podcast Network, and other individuals unrelated to the Podcast networks.

34.    As a result of wrongful and tortious conduct, Plaintiff has suffered damage and/or injury for which Defendant is liable.

35.    On March 28, 2018, Defendant Seth Nadler, a New York attorney working under

defendant Imbesi, sent a multi-page letter to Plaintiff Henson's wife. That letter threatened to sue her and take the home of Mrs. Henson and their children. (A redacted copy of which is attached hereto as Exhibit B as though fully set forth herein).

36. Defendant Nam posted a link to Exhibit B on his web site.

37. Based on information and belief, the letter was also published to other individuals.

38. Defendant Nam and Imbesi began a coordinated effort to attempt to cause Plaintiff's wife to lose her job as a teacher, including calling her personal cell phone and employer.

39. All acts of Defendant and its agents were committed with malice, intent, wantonness and recklessness and hence Defendant is also subject to punitive damages.

WHEREFORE respectfully requests this Honorable Court enter judgment in favor of Plaintiff and against Defendants Nam and Imbesi, jointly and severally, in an amount in excess of $5,000,000.00 plus costs.

**COUNT IV: INVASION OF PRIVACY (INTRUSION UPON SECLUSION)**

40. Plaintiffs repeat and reallege paragraphs 1 through 22 as though fully set forth herein.

41. The Restatement of Torts, Second, § 652(b) defines the tort of intrusion upon seclusion as: "One who intentionally intrudes ... upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

42. Defendant intentionally intruded upon Plaintiff's right to privacy by contacting third parties, including his spouse and employees, and informing them of Plaintiff's legal woes,

by contacting his longtime business associates at their personal residence and threatening them with baseless litigation and by tortuously interfering in Plaintiffs relationship with business associates.  All of this occurred against a broader backdrop of a longstanding and ongoing campaign of harassment and character assassination, by both Defendant Imbesi and his law firm client, that was intended to and has restricted Plaintiffs lawful use of his intellectual property and, on information and belief, is intended to harass Plaintiff into abandoning his property. Defendant's conduct concerning the third parties was so intrusive as to be considered, "hounding the plaintiff' and "a substantial burden to [his] existence," thus satisfying the Restatement of Torts, Second,§ 652(b) requirement for an invasion of privacy.

43. Defendant's conduct resulted in multiple invasions of Plaintiff's privacy and that of his family in such a way as would be considered highly offensive to a reasonable person.

44. Defendants posted pictures of Plaintiff's minor children on their web site.

45. Defendant Nam offered to purchase the children!

46. On information and belief, Defendant may also have engaged in additional conduct that violated Plaintiffs reasonable expectation of privacy in his personal residence, his workplace and his personal and business activities, as will become clear during discovery in this federal case.

WHEREFORE Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant Nam and Imbesi for actual damages from the law firm, in an amount to be determined at trial and because all acts of Defendant and its agents were committed with malice, intent, wantonness and recklessness and hence Defendant is also subject to punitive damages.

**AIDING AND ABETTING (Pendant Jurisdiction)**

47. Plaintiffs repeat and reallege paragraphs 1 through 22 as though fully set forth herein.

48. Defendant Nam committed numerous torts.

49. Defendants Imbesi, Nadler, and Imbesi Law P.C. aided and abetted Defendant Nam in his tortious conduct by:

a. Providing Nam with extensive nackground information on Plaintiff Henson and his wife and children to publish on the internet;

b. Providing Nam with information about Plaintiff Henson's wife's job and place of employment; and

c. Engaging in other activities whic go beyond the pale in an effort destroy not only the competeing pocast network, but to intentional endanger minor children and an innocent spouse.

WHEREFORE Plaintiff requests this Honorable Court enter judgment in their favor and jointly and severally against Defendants Nam, Imbesi, Imbesi Law P.C., and Seth Nadler for actual damages from the law firm, in an amount to be determined at trial and because all acts of Defendant and its agents were committed with malice, intent, wantonness and recklessness and hence Defendant is also subject to punitive damages.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demands trial by jury, pursuant to Federal Rule of Civil Procedure 38(b), on all issues so triable.

Respectfully,

/s/ James J. Ayres

                                        One of Plaintiffs Attorneys

Ayres Law Offices, Ltd. (6186604)
30 North LaSalle Street
Suite 3200
Chicago, IL 60602
(312) 224-8390
james@ayreslawltd.com